IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN DEON TURNER, JR., | ) | CIV. NO. 19-00338 DKW-KJM |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | AND DENYING CERTIFICATE OF |
| vs. | ) | APPEALABILITY |
| | ) | |
| GOVERNOR GAVIN NEWSOM, | ) | |
| STATE OF CALIFORNIA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the court is Petitioner Steven Deon Turner, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254. Turner is a California state prisoner incarcerated at the California Correctional Institution, located in Tehachapi, California.

The petition is largely incoherent. Turner apparently challenges his October 10, 2014 conviction in the Los Angeles County Superior Court. *See* Pet., ECF. No. 1, at PageID #12. In support of the Petition, Turner alleges that he is a political prisoner and sovereign, "natural-born, free, living, breathing, flesh and blood being," who is not "STEVEN DEON TURNER JR or any variation or derivative thereof." *Id.* at PageID #6. Turner invokes relief under the Ninth and Tenth Amendments to the United States Constitution, alleging he has sovereign immunity from prosecution by the State of California. He seeks release.

**DISCUSSION**

A district court may grant a writ of habeas corpus only "within [its] respective jurisdiction[.]" 28 U.S.C. § 2241(a); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 443 (1973) (discussing language in *Ahrens v. Clark*, 335 U.S. 188 (1948), "indicating that the prisoner's presence within the territorial confines of the district is an invariable prerequisite to the exercise of the District Court's habeas *jurisdiction*") (emphasis added). Section 2241(d) also states that, when a habeas petition is brought in a state with two or more federal judicial districts, venue lies in either the district of confinement or the district of conviction. Petitions challenging a conviction generally are heard in the district of conviction, *see, e.g.*, *Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993), and petitions challenging the execution of a sentence are preferably heard in the district of confinement, *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Turner has no apparent connection to Hawaii; neither state nor federal court databases show that he has ever been convicted or incarcerated in Hawaii. Nothing within the Petition supports any other connection to Hawaii or basis for his filing this Petition in the District of Hawaii. Consequently, this Court lacks jurisdiction and venue over this action. A district court has discretion to dismiss or transfer a Petition laid in the wrong venue "in the interest of justice." *See* 28

U.S.C. §§ 1406(a) & 2241(d). For the following reasons, the Court declines to transfer this Petition.

First, Turner has already challenged his conviction and sentence by way of a petition for writ of habeas corpus in the United State District Court for the Central District of California. *See Turner v. Sullivan*, Civ. No. 17-0290-PA (C.D. Cal.). United States District Judge Percy Anderson denied that petition on its merits on January 26, 2019 and denied a certificate of appealability. *See id.*, ECF Nos. 47, 49. Thus, any subsequent challenge to Turner's 2014 conviction and sentence requires prior authorization from the United States Court of Appeals for the Ninth Circuit before filing. *See* 28 U.S.C. § 2244(b). Without appellate certification, any transferee court lacks subject matter jurisdiction to consider this Petition and transfer would be futile. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007).

Second, Turner has filed thirty-one habeas petitions, civil rights complaints, or appeals in the federal courts. *See* http://pacer.psc.uscourts.gov.; *see*, *e.g.*, *Turner v. Sullivan*, Civ. No. 17-5903 (C.D. Cal. Aug. 29, 2017) (dismissing petition as patently frivolous); *Turner v. Bacigalupo*, Civ. No. 17-01209 (D.C.D.C. July 17, 2017) (dismissing habeas petition for lack of jurisdiction and declining to transfer); *Turner v. Alfaro*, Civ. No. 2:2015-cv-00599 (C.D. Cal. 2015) (dismissing habeas petition). This shows that Turner is well-acquainted with how and where to file an action in the federal court and suggests his filing here is malicious and intentional.

Finally, Rule 4 of the Rules Governing § 2254 Cases states that a district judge "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Summary dismissal is appropriate when a petition is "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)); *see also Crone v. Snook*, 269 U.S. 540, 540 (1926) (per curiam) (denying application for in forma pauperis status because question presented in appeal from denial of habeas petition was "frivolous").

Turner's argument that he is a sovereign citizen who is not subject to the laws of the State of California or the United States has been soundly rejected by the courts. *See e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" defense as having "no conceivable validity in American law"); *California v. Harris*, 2019 WL 2493621, at *2 (N.D. Cal. May 6, 2019), adopted, 2019 WL 2492082 (N.D. Cal. June 14, 2019) (same); *Williams v. Scheingart*, 2015 WL 7351388, at *1 (N.D. Cal. Nov. 20, 2015) (rejecting habeas petitioner's argument that the state court lacked jurisdiction to convict him because he is a "sovereign citizen"). Allowing him to

4

proceed with this frivolous Petition in another court does not further the interests of justice.

The Court lacks jurisdiction and venue over this Petition, and the interests of justice do not support transfer. The Petition is DISMISSED.

Jurists of reason cannot disagree that Turner fails to make a substantial showing of the denial of a constitutional right, and thus any request for a certificate of appealability is DENIED. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(1(A). The Clerk of Court is directed to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: July 3, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Steven Deon Turner, Jr. v. Governor Gavin Newsom, State of California, et al.; Civil No. 19-00338 DKW KJM; **ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**

*Turner v. State*, No. 1:19-cv-00338 DKW-KJM; (hab '19)